UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIRIAM COLORADO,

      Plaintiff,

v.                             Case No:  2:15-cv-83-FtM-38CM

HESS CORPORATION,

      Defendant.

_____/

**ORDER[1]**

This matter comes before the Court on Plaintiff Miriam Colorado's Motion for Remand to State Court (Doc. #10) filed on March 2, 2015. Defendant Hess Corporation filed a response in opposition on March 16, 2015. (Doc. #14). This matter is ripe for review.

Background

Plaintiff Miriam Colorado initiated a lawsuit against Defendant Hess Corporation on or about February 10, 2015, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #2). Colorado alleges she is a resident of Florida. (Doc. #2, at ¶2). Colorado alleges she was injured as a result of a slip and fall at a Hess gas station. (Doc. #2, at ¶4). Colorado alleges the Hess premises were negligently maintained. (Doc. #2, at ¶¶7-8, 11). Moreover, Colorado alleges Hess breached its duty of care to her by

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

failing to warn of the conditions and failing to provide appropriate training to its employees. (Doc. #2, at ¶10).

Thereafter, Hess filed a Notice of Removal on February 10, 2015, pursuant to 28 U.S.C. § 1332.  (Doc. #1, at ¶1). Relying on the Complaint, Hess asserts Colorado is a citizen of Florida. (Doc. #1, at ¶2). Hess further asserts it is a Delaware corporation with its principal place of business in New York. (Doc. #1, at ¶3). In addition, Hess asserts the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. #1, at ¶1). Hess relies on Colorado's response to a request for admission, in which Colorado denied that the total value of her claim does not exceed $75,000. (Doc. #1, at ¶¶5-7; see also Doc. #1-2).[2]

### Standard

Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action removed to federal court, the removing defendant bears the burden of establishing federal jurisdiction. Moreland v. SunTrust Bank, 981 F. Supp. 2d 1210, 1211-12 (M.D. Fla. 2013) ("As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.") (citing Pretka

---

[2] Plaintiff denied the following requests for admissions: (1) Admit that the amount of all damages and expenses currently sought in Plaintiff's demand for judgment does not exceed $75,000; (2) Admit that the total value of all claims asserted by Plaintiff in this litigation does not exceed $75,000; (3) Admit that Plaintiff will not in the future seek in excess of $75,000 in this lawsuit; (4) Admit that, in the event the court or jury returns a verdict of $75,000.01 or greater, the Plaintiff consents to a remitter of $75,000; (5) Admit that you will be asking the jury in this case to render a verdict for damages in excess of $75,000. (Doc. #1-2).

v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr.

Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)).

Discussion

Colorado moves to remand this case to state court. Colorado asserts Hess has

failed to prove complete diversity because Hess failed to establish where Colorado is

domiciled. In addition, Colorado asserts the amount in controversy requirement is not

satisfied. Due to her proposal of settlement which sought $50,000, Colorado asserts the

amount in controversy does not exceed $75,000. Colorado contends Hess has not

established the amount in controversy to a reasonable certainty.

In response, Hess maintains Colorado is a citizen of Florida. Hess' supports its

assertion by relying on Colorado's answers to interrogatories, which were received after

this matter was removed to federal court. Hess asserts since Colorado has not provided

information that she plans to move to a different state and remain there, it is safe to

assume she is domiciled in Florida. Hess relies on Stine v. Moore to support its arguments

regarding citizenship. See Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).[3]

Furthermore, Hess asserts the amount in controversy is supported by Colorado's

allegation that this action exceeds $15,000 and response to the request for admissions.

Moreover, Hess suggests that the Court should not give great weight to the settlement

offer, relying on Rola v. Wal-Mart Stores, Inc., No. 6:11-CV-468-ORL-28, 2011 WL

_____

[3] Hess specifically relies on Stine to the extent it states, "With respect to the diversity jurisdiction of the
federal courts, citizenship has the same meaning as domicile. It imports permanent residence in a particular
state with the intention of remaining, and it not dependent on birth. Residence alone is not the equivalent
of citizenship, although the place of residence is prima facie the domicile. Residence in fact, and the
intention of making the place of residence one's home, are essential elements of domicile. Words may be
evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot
supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention
of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining
his domicile." Stine v. Moore, 213 F.2d at 448.

3156672, at *9 (M.D. Fla. June 29, 2011) (a report and recommendation later adopted by the district court).

Upon consideration, the Court finds the record reflects Colorado is a citizen of Florida. The interrogatories reveal Colorado has lived in Florida for the past ten years. (See Doc. #14-1, at 2). King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (discussing that once a former domicile is show, the presumption is that it continues to exists). The record is devoid of any evidence of Colorado planning to move to a different location and remain there. See Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1216 (S.D. Ala. 2006). Instead, in light of a residence being the *prima facie* domicile and Colorado having lived in Florida for at least the past ten years, the Court is satisfied that Florida is Colorado's true, fixed, and permanent home where she intends to return whenever she is absent. See Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005); Stine, 213 F.2d at 448. Under the totality of the circumstances in this case, the Court is satisfied that Colorado is a citizen of Florida for the purposes of diversity jurisdiction and there is complete diversity between the parties.

With regard to the amount in controversy, the Court is not satisfied that the amount in controversy exceeds $75,000. Although the Court may rely on requests for admissions and settlement offers, the contradictory evidence leaves the Court uncertain. Based on the simple nature of the slip and fall at issue in this case, the alleged injuries, and the Court's "judicial experience and common sense," the Court is not satisfied that the required amount in controversy is met here. (See Doc. #14-1, at 5 (listing injuries)). Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). The Court finds Hess has not satisfied its removal burden. Since there is great doubt as to whether the amount in

controversy exceeds $75,000, the Court will remand this matter to state court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

Accordingly, it is now

**ORDERED:**

Plaintiff Miriam Colorado's Motion for Remand to State Court (Doc. #10) is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is directed to **CLOSE** this case and terminate any and all scheduling deadlines and deem any pending motions moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record